UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JASON BARNARD, | ) | Case No. EDCV 14-781 GW(JC) |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING ACTION |
| | ) | |
| v. | ) | |
| | ) | |
| U.S. GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

On April 21, 2014, plaintiff, who is at liberty, has paid the filing fee and is proceeding *pro se*, filed a civil rights complaint against the "U.S. Government" in which he repeatedly refers to God/the Holy Spirit, cites scriptures, and asserts, among other things, that (1) "the 13th Amendment has been broken"; (2) he has been "discriminated against" and "sexual[ly] harass[ed]" because in 1986, his "penis [was] measured" and "[t]he length and width of [his] penis" were "seen and heard" "throughout the media"; (3) he has "been the butt end and front end of jokes, . . . ridicule, and funhouse for the American people" on "different channels on television"; (4) for "close to three decades [he has been] unable to venture out, no friends, no employment, and in unsafe housing," and has been "celibate 18 years"; (5) he has been "deprived [of] the right to life"; (6) the "media has run [him] like a

slave"; and (7) the foregoing constitutes "involuntary servitude," "slavery," "civil harassment," and a violation of [his] civil rights [and] the 13th Amendment." He seeks "10 billion dollars" from the U.S. Government.

A paid complaint that is "obviously frivolous" does not confer federal subject matter jurisdiction and may be dismissed *sua sponte* before service of process. Franklin v. Murphy, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (citations omitted).[1] The court may dismiss a paid complaint *sua sponte* and without notice to the plaintiff if the complaint fails to state a claim and the plaintiff cannot possibly win relief. See Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987). A complaint is frivolous if it lacks an arguable basis either in law or in fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Clearly baseless allegations include those that are "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In this case, dismissal is appropriate because the complaint is wholly frivolous.

A *pro se* litigant must be given notice of the deficiencies of the complaint and an opportunity to amend the complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) (citations, quotations and internal quotations omitted). Dismissal of this action is appropriate because it is clear that the deficiencies of plaintiff's complaint cannot be cured by amendment. Indeed, aside from the fact that the complaint is wholly frivolous, this action against the U.S. Government, is barred by sovereign immunity. See United States v. Mitchell, 445 U.S. 535, 539 (1980) (United States, as sovereign is immune from suit save as it consents to be sued; waiver must be unequivocally

///

---

[1] In addition, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'" Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citation omitted).

1 expressed); Jachetta v. United States, 653 F.3d 898, 912 (9th Cir. 2011) (federal
2 sovereign immunity bars civil rights violations claims against United States).
3     IT IS THEREFORE ORDERED that the complaint is dismissed without
4 leave to amend, that this action is dismissed with prejudice, and that judgment be
5 entered accordingly.
6 DATED: April 29, 2014

_____
HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE